FILED

2017 Oct-02  AM 08:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **JAMES A. HUDSON** ) | **CIVIL ACTION NO.** |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **COMPLAINT** |
| ) | |
| **DIVERSIFIED** ) | |
| **CONSULTANTS, INC.,** ) | |
| **and** ) | |
| **EQUIFAX INFORMATION** ) | **JURY TRIAL DEMANDED** |
| **SERVICES, LLC,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## PRELIMINARY STATEMENT

1.      This is an action for damages brought by an individual consumer, James A. Hudson, against Defendants Diversified Consultants, Inc. and Equifax Information Services, LLC for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §§ 1692, *et seq*.

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 15 U.S.C. § 1692k and 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

3.      Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4.    Plaintiff James A. Hudson, is an adult individual residing in this judicial district.

5.    Defendant Diversified Consultants, Inc. ("DCI") is a business entity that regularly conducts business in this judicial district, and which has a principal place of business located at 10550 Deerwood Pk Blvd STE 708, Jacksonville, Florida 32256.  The principal purpose of DCI is the collection of debts already in default using the mail and telephone, and DCI regularly attempts to collect said debts.

6.     Defendant Equifax Information Services, LLC ("Equifax") is a consumer reporting agency that regularly conducts business in this judicial district and which has a principal place of business located at 1550 Peachtree Street, NW, Atlanta, GA 30309.

## FACTUAL ALLEGATIONS

7.    Defendants been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties ("inaccurate information") from at least July 2016 through present. The inaccurate information includes, but is not limited to, a collection account with DCI, hard inquiries and personal identifying information.

8.    The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's creditworthiness. The inaccurate information consists of accounts and/or tradelines that do not belong to the Plaintiff and that actually belong to another consumer. Due to the Defendants' faulty procedures, Defendants have mixed the credit file of Plaintiff and that of another consumer with respect to the inaccurate information.

9.    Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown.

10.    Defendants have repeatedly published and disseminated consumer reports to such third parties from at least July 2016 through the present.

11.    Plaintiff has disputed the inaccurate information with Equifax by following Equifax's established procedures for disputing consumer credit information.

12.    Plaintiff has disputed the inaccurate information with Defendants from January 2016 through the present.

13.    Notwithstanding Plaintiff's efforts, Equifax has sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate

information and Equifax continues to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.  Equifax has repeatedly published and disseminated consumer reports to such third parties from at least July 2016 through the present.

14.     Despite Plaintiff's efforts, Equifax has never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted any third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded all relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; and (4) requested or obtained any credit applications, or other relevant documents.

15.     Notwithstanding Plaintiff's disputes, DCI has also failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by Equifax concerning Plaintiff's disputes and upon DCI's conclusion of an ineffective investigation, it has willfully continued to report such inaccurate information to various credit reporting agencies, and has failed to mark the above accounts as disputed.

16.     Despite Plaintiff's exhaustive efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations and/or investigations of the above disputes as required by the FCRA, have failed to remove the inaccurate

information, have failed to note the disputed status of the inaccurate information and have continued to report the derogatory inaccurate information about the Plaintiff.

17.     The alleged debts reported by DCI arose out of transactions which were primarily for personal, family or household purposes.

18.     At all pertinent times hereto, Plaintiff was not responsible for the debts.

19.     Notwithstanding the above, DCI has been falsely furnishing and/or reporting the information about the debts in connection with Plaintiff's credit history to credit reporting agencies when it knew or should have known that the debts did not belong to Plaintiff.

20.     The debts negatively reflect upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

21.     DCI knew or should have known that its actions violated the FDCPA. Additionally, DCI could have taken the steps necessary to bring its agent's actions within compliance of the law, but neglected to do so and failed to adequately review those actions to insure compliance with said law.

22.     As of result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress, including humiliation and embarrassment.

23.    At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

24.    At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## <u>COUNT ONE – VIOLATIONS OF THE FCRA</u>
### (Plaintiff v. Equifax)

25.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

26.    At all times pertinent hereto, Equifax was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

27.    At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

28.    At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

29.    Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Equifax is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency in violation of 15 U.S.C. §§ 1681e(b) and 1681i.

30.     The conduct of Equifax was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Equifax is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT TWO – VIOLATIONS OF THE FCRA
### (Plaintiff v. DCI)

31.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

32.     At all times pertinent hereto DCI was a "person" as that term defined by 15 U.S.C. § 1681a(b).

33.     At all times pertinent hereto, DCI was a "user" and a "furnisher" of credit information as defined by the FCRA.

34.     DCI violated sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers and users of information pursuant to 15 U.S.C. § 1681s-2(b).

35.     DCI's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result DCI is liable to compensate Plaintiff for

the full amount of statutory, actual and punitive damages, along with attorney's fees and costs, as well as such other relief, permitted by law.

**COUNT THREE – VIOLATIONS OF THE FDCPA**
**(Plaintiff v. DCI)**

36.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

37.     DCI is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

38.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

39.     The above reporting of the inaccurate information to credit reporting agencies by DCI are "communications" relating to a "debt" as defined by 15 U.S.C. §§ 1692a(2) and 1692a(5) of the FDCPA.

40.     Any alleged debts at issue arose out of a transaction which was primarily for personal, family or household purposes.

41.     DCI violated the FDCPA.  DCI's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692e(2)(A), 1692e(8), 1692e(10) and 1692f, as evidenced by the following conduct:

  a.     The false representation of the amount, character or legal status of a debt;

b.      Communicating or threatening to communicate to any person credit information which is known or which should be known to be false; and

c.      Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt from the Plaintiff.

42.     DCI's acts as described above were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay monies relating to the inaccurate information.

43.     As a result of the above violations of the FDCPA, DCI is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## JURY TRIAL DEMANDED

44.     Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a)     Actual damages;

(b)     Statutory damages;

(c)     Punitive damages;

(d)     Costs and reasonable attorney's fees; and

(e)   Such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

**_/s/ Micah S. Adkins_**
Micah S. Adkins (ASB-8639-I48A)
**THE ADKINS FIRM, P.C.**
2 Perimeter Park South, Suite 405 E
Birmingham, AL  35243
Telephone:  (205) 206-6718
Facsimile:   (205) 208-9632
Email:        MicahAdkins@ItsYourCreditReport.com
*Counsel for Plaintiff*